UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                              Petitioner,

                 -against-

ACTING WARDEN OF OBCC NED
McCormac,

                              Respondent.

23-CV-8296 (LTS)

ORDER OF DISMISSAL
AND TO SHOW CAUSE
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his ongoing proceedings that are pending, under indictment number 70616-21, in the Bronx Supreme Criminal Court. By order dated September 21, 2023, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court denies the petition for the reasons set forth below and orders Petitioner to show cause why he should not be barred from filing any new *habeas corpus* petitions challenging his ongoing criminal proceedings, arising from a September 14, 2021 arrest, in this court without first seeking permission of the court.

## STANDARD OF REVIEW

The court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this *habeas corpus* action under Section 2241, challenging "[t]he Arrest and Detention that started on September 14th, 2021 Resulting From Retaliatory Act From Congressman Mark Mooney Awarding me For Roe v. Wade (1971) Repeal – (No Decision)[.]"[1] (ECF No. 1 at 2.) He brings this petition seeking to have this Court "[i]ssue a Writ of Production, Order Entry Pursuant to 28 USC § 1367 Fed.R.Civ.P. 59(E) That What Ever Attorney Courts Assign Produce that Film to Wade Hearing Or Order Case Dismissed with prejudice? I never used a Firearm to Commit A Crime!" (*Id.* at 8.)

According to records maintained by the New York City Department of Correction and the New York State Unified Court System, Petitioner was arrested on September 14, 2021. He was charged with criminal mischief in the third degree (No. CR-13907-21BX) and attempted murder in the second degree (Indictment No. 70616-21; Case No. CR-013906-21BX), and he is currently detained on those pending charges.[2]

## DISCUSSION

### A.    Ongoing Proceedings

Petitioner challenges his ongoing proceedings, under indictment number 70616-21, pending in the Bronx Supreme Criminal Court. Because the relief that Petitioner seeks would require the

---

[1] The Court quotes the complaint verbatim. All capitalization, spelling, punctuation, and grammar are as in the original.

[2] *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf. *See also* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch.

Court to intervene in his pending state-court proceedings, the Court must deny the petition. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Federal courts generally abstain from intervening in state criminal proceedings "'under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

Petitioner, who has been detained since his September 14, 2021 arrest, does not allege any facts suggesting bad faith, harassment, or irreparable injury. Rather, he makes a conclusory allegation of a retaliatory motive for the prosecution and seeks to have a Wade hearing filmed or the case dismissed. The Court therefore finds no proper basis for intervention in Petitioner's ongoing criminal proceedings.

**B.      Relief Under Section 2241 and Exhaustion of Administrative Remedies**

Some district courts have held that a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[3] *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). But before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton*

---

[3] Where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 Fed. App'x at 44 (applying *Younger*, but noting that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises substantial questions").

*v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* This petition does not suggest that Petitioner has exhausted his administrative remedies. Thus, even if Petitioner could show bad faith, harassment, or irreparable injury, he first must exhaust his state-court remedies before seeking federal *habeas corpus* relief.

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* petitioner an opportunity to amend a pleading to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his petition.

**ORDER TO SHOW CAUSE**

A review of the court's records reveals that Petitioner has filed four prior challenges to his ongoing criminal matter, arising from his September 14, 2021 arrest. *See Arden v. Caputo*, ECF 1:22-CV-2041, 6 (S.D.N.Y. Apr. 4, 2022) (listing cases).[4] By order dated April 4, 2022, the Court, in *Arden v. Caputo*, ECF 1:22-CV-2041, 6, concluded that the action was merely a "repetition of a previously asserted claim." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004) (per curium).

---

[4] On September 19, 2023, the same date that Petitioner filed this action, he also filed two other actions challenging his ongoing criminal matter, arising from his September 14, 2021 arrest. *See Jones v. Warden of OBCC*, ECF 1:23-CV-8925, 1 (S.D.N.Y. filed Sept. 19, 2023) (petition under 28 U.S.C. § 2241); *Jones v. United States*, No. 23-CV-8313, 1 (S.D.N.Y. filed Sept. 19, 2023) (motion under 28 U.S.C. § 2255).

4

Because the Court need not continue consider such repetitive petitions, the Court warned Petitioner that future filings that challenge the same criminal proceedings without exhausting state court remedies may result in an order barring him from filing future petitions IFP in this court, without prior permission to do so.[5] *Arden v. Caputo*, ECF 1:22-CV-2041, 6.

Because Petitioner continues to challenge his Bronx County Supreme Court criminal proceedings without stating facts warranting this Court's intervention or exhausting his claims in the state courts, Petitioner is ordered to show cause why he should not be barred from filing any further *habeas corpus* petitions challenging his ongoing criminal proceedings, arising from a September 14, 2021 arrest, in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Petitioner must submit a declaration setting forth good cause why an injunction should not be imposed upon him. If Petitioner fails to submit a declaration within the time directed, or if Petitioner's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further *habeas corpus* petitions challenging his ongoing criminal proceedings, arising from a September 14, 2021 arrest, IFP in this court unless he first obtains permission from the court to do so.

---

[5] Petitioner's history of frequent filing in this court resulted in his being barred, under 28 U.S.C. § 1651, from filing any new action IFP without first obtaining leave to file, *Jones v. Stewart*, ECF 16-CV-2375, 9 (S.D.N.Y. Aug. 25, 2016), and being barred, under 28 U.S.C. § 1915(g), from bringing any new civil action IFP while he is a prisoner, *Jones v. Police Officer Jane Doe*, ECF 1:21-CV-9199, 15 (S.D.N.Y. Nov. 16, 2021). Because a petitioner can bring a *habeas corpus* petition IFP, even if barred under Section 1915(g), *see Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (holding that *habeas* petitions are not considered civil actions for purposes of section 1915(g)), the 1915(g) bar order does not apply here.

**CONCLUSION**

This petition, filed IFP under 28 U.S.C. § 1915(a)(1), is denied as barred by the *Younger* abstention doctrine. Because Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

Petitioner shall have thirty days to show cause by declaration why an order should not be entered barring him from filing any future *habeas corpus* petitions challenging his ongoing criminal proceedings, arising from a September 14, 2021 arrest, IFP in this court without prior permission. A declaration form is attached to this order.

The Clerk of Court is instructed to hold this matter open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 16, 2023
         New York, New York

        /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____        _____
Executed on (date)             Signature

_____        _____
Name                                    Prison Identification # (if incarcerated)

_____        _____    _____    _____
Address                        City             State     Zip Code

_____        _____
Telephone Number (if available)         E-mail Address (if available)