UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                              Petitioner,

             -against-

ACTING WARDEN OF OBCC NED
McCormack,

                              Respondent.

23-CV-8296 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241,

challenging his ongoing proceedings that are pending, under indictment number 70616-21, in the

Bronx Supreme Criminal Court. On October 16, 2023, the Court denied the petition as barred by

the *Younger* abstention doctrine, noted that Petitioner had filed four prior challenges to his

ongoing criminal matter, arising from his September 14, 2021 arrest, and ordered Petitioner,

within thirty days, to show cause by declaration why he should not be barred from filing any

further *habeas corpus* petitions, challenging his ongoing criminal proceedings, arising from his

September 14, 2021 arrest, *in forma pauperis* ("IFP") in this court without prior permission.

From October 16, 2023, through October 23, 2023, Petitioner filed four letters and a

"Petition Citing Imminent Danger." (ECF Nos. 6, 9-11.) On November 2, 2023, Petitioner filed a

declaration in response to the Court's October 16, 2023 order. In these submissions, he does not

make arguments against imposing the bar order; instead, he asserts facts regarding his September

14, 2021 arrest and subsequent criminal proceedings. Accordingly, the bar order will issue.

## CONCLUSION

The Court hereby bars Petitioner from filing future *habeas corpus* petitions challenging

his ongoing criminal proceedings, arising from a September 14, 2021 arrest, IFP in this court

without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Petitioner must attach a copy of his proposed *habeas corpus* petition and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Petitioner violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Petitioner is further warned that the continued submission of nonmeritorious documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk of Court is directed to close this action and terminate any motions in this case.

Petitioner remains barred under 28 U.S.C. § 1651, from filing any new action IFP without first obtaining leave to file, *Jones v. Stewart*, ECF 16-CV-2375, 9 (S.D.N.Y. Aug. 25, 2016), and under 28 U.S.C. § 1915(g), from bringing any new civil action IFP while he is a prisoner, *Jones v. Police Officer Jane Doe*, ECF 1:21-CV-9199, 15 (S.D.N.Y. Nov. 16, 2021).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    November 6, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge